819 F.2d 1138
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harold M. MARTIN, et al., Plaintiff-Appellant,
v.
FOURCO GLASS COMPANY, AFG Industries, Inc., Defendant-Appellee,
v.
ALUMINUM, BRICK AND GLASS WORKERS INTERNATIONAL UNION,
AFL-CIO, CLC, Third- Party Defendant.
 No. 86-3572.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 4, 1987.
Decided May 18, 1987.
 
 Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 Thomas Philip Powers (R. Michael LaBelle; Mose Lewis, III; Powers & Lewis; Daniel V. Lane, on brief), for appellants.
 Douglas Steven Tweed (Mark S. Dessauer; Hunter, Smith & Davis; Charles G. Johnson; Johnson & Johnson; James W. Bradford, Jr., on brief), for appellees.
 PER CURIAM:
 
 
 1
 The district court granted summary judgment for defendants in plaintiffs' suit under the Fair Labor Standards Act to recover minimum wages and overtime. The district court also denied plaintiffs' motion for reconsideration. Plaintiffs appeal and we affirm.
 
 I.
 
 2
 After plaintiffs instituted suit, defendants filed a motion for summary judgment. The motion was filed on October 16, 1985, at a time when we were considering an appeal from the district court's refusal to permit the union to which plaintiffs belonged to be joined as a party defendant.
 
 
 3
 Counsel for plaintiffs did not receive a copy of the motion for summary judgment when it was filed. But when defendants tendered a proposed order on the motion to the district court, and served a copy on plaintiffs' counsel, plaintiffs' counsel became aware of the motion and obtained a copy sometime prior to January 7, 1986. Notwithstanding Local Rule 207 of the United States District Court for the Northern District of West Virginia, which provides that responses to motions shall be filed within fifteen days, plaintiffs' counsel filed no response.
 
 
 4
 After we decided the appeal about joining the union, the district court wrote to counsel under date of January 7, 1986 calling attention to our decision and stating that "it is appropriate that the Motion for Summary Judgment be next addressed ..." The court also commented that "[n]ormally, under the Local Rules for the Northern District of West Virginia a response would be anticipated within fifteen days of the filing of the motion. However, I am sure it was not intended by anyone, including the Court, that a response would be made to the Motion for Summary Judgment until the Fourth Circuit had acted on the interlocutory appeal." Plaintiffs still failed to file a response to the motion and on January 24, 1986, the motion was granted and judgment entered for defendants.
 
 
 5
 On January 28, 1986, plaintiffs filed a notice of appearance of new co-counsel and a motion to enlarge the time for filing a response to the motion for summary judgment. The on January 30, 1986, they filed a motion to reconsider the order granting summary judgment. A hearing in these motions was held on May 14, 1986, and, by order entered May 23, 1986, the motions were denied. Thereafter plaintiffs filed a notice of appeal of the May 23 order.
 
 II.
 
 6
 Defendants question our jurisdiction to hear this appeal. They argue that the motion for reconsideration was in essence a motion under Fed.R.Civ.P. 60(b) to correct a mistake or fraud in the judgment so that the filing of the motion did not toll the running of the time in which to file a notice of appeal.
 
 
 7
 We do not agree. We deem the motion one under Fed.R.Civ.P. 59 to amend the judgment, which tolls the period in which to file a notice of appeal until the motion has been decided. See Fed.R.App.P. 4(a)(4). The notice of appeal was filed within the thirty days after May 23, 1986 so that it was timely, and we have jurisdiction to consider the appeal.
 
 III.
 
 8
 Plaintiffs argue that the district court too hastily entered summary judgment and that it abused its discretion in not reopening the summary judgment to permit plaintiffs to oppose the motion. We are not persuaded by either argument.
 
 
 9
 Notwithstanding their failure to receive a copy of the motion for summary judgment when it was filed, plaintiffs became aware of the motion and had ample opportunity to oppose it. In violation of the local rule they did nothing. They cannot be heard to say that the entry of the judgment violated any of their rights.
 
 
 10
 Nor do we think that the district court abused its discretion in declining to reconsider the judgment. Aside from the argument that they did not receive a copy of the motion for summary judgment when it was filed and the argument that the district court's letter of January 7 lulled them into sleeping on their rights, plaintiffs offer nothing to controvert the facts set forth in defendants' affidavit supporting their motion or the applicable legal rules. Thus there was no basis on which to reconsider the judgment even if plaintiffs mistakenly believed that they had no duty to respond to the motion before the time that the district court acted.
 
 
 11
 Although we think this appeal is lacking in merit, we deny defendants' request for double costs and attorneys' fees.
 
 
 12
 AFFIRMED.